IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 19, 2023

**STATE OF TENNESSEE v. ROBERT WINTERS**

**Appeal from the Criminal Court for Hamilton County**
**No. 231247   Amanda B. Dunn, Judge**

_____

**No. E2023-00705-CCA-R3-CD**
_____

Robert Winters, Defendant, appeals from the dismissal of a motion filed under Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, he challenged his sentence for aggravated robbery, stemming from *State v. Winters*, 137 S.W.3d 641 (Tenn. Crim. App. 2003), *perm. app. denied* (Tenn. Mar. 22, 2004). After a thorough review, we determine that Defendant failed to state a colorable claim for relief, attempted to challenge a sentence that was already expired, and raised claims that were previously determined. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JILL BARTEE AYERS and TOM GREENHOLTZ, JJ., joined.

Robert Michael Winters, Pikeville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Coty G. Wamp, District Attorney General; and Tom Landis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was convicted by a Hamilton County jury of first degree murder and aggravated robbery for events that gave rise to the April 28, 1997 death of Vernise Sheffield by a single gunshot wound to the head. *Winters*, 137 S.W.3d at 646. The victim owned and lived in an apartment complex and rented an efficiency apartment to Defendant and his wife. The jury convicted Defendant of first degree murder, felony murder, and especially aggravated robbery. *Id.* at 653. The judgment form, however, reflects that the

especially aggravated robbery conviction was amended to aggravated robbery by agreement of the parties. *Id.* at 653 n.2. On direct appeal to this Court, Defendant's first degree murder conviction was reversed and remanded for a new trial. The convictions for felony murder and aggravated robbery were affirmed. Defendant did not challenge the indictment on direct appeal. *Id.* at 665.

In 2005, Defendant began a long-running series of appeals to his convictions. First, he sought post-conviction relief by filing an untimely petition for relief. *Winters v. State*, No. E2005-01349-CCA-R3-PC, 2005 WL 3479506, at *1 (Tenn. Crim. App. Dec. 10, 2005), *perm. app. denied* (Tenn. May 1, 2006), *reh'g denied* (June 8, 2006). This Court affirmed the dismissal of the petition for post-conviction relief as untimely. *Id.* at *4.

In 2008, Defendant filed his first petition for writ of habeas corpus. *See Winters v. Lindamood*, No. M2007-02699-CCA-R3-HC, 2009 WL 774479, at *1 (Tenn. Crim. App. Mar. 25, 2009). In the petition, he alleged that his convictions were void based on faulty indictments. Specifically, Defendant complained that count three of the indictment listed especially aggravated robbery but the actual language of count three charged him with only aggravated robbery and cited the aggravated robbery statute. *Id.* Defendant also claimed that his counsel was ineffective. The petition was summarily dismissed by the habeas corpus court on the basis that Defendant failed to allege any grounds on which habeas relief could be granted. On appeal, this Court agreed, noting that Defendant and the State agreed to amend the conviction to the offense "that was charged in the indictment" rendering the conviction voidable rather than void. *Id.* at *3.

Defendant continued to challenge his convictions by filing another petition for habeas corpus relief in May of 2009. *See Winters v. Morrow*, No. E2009-01334-CCA-R3-HC, 2010 WL 2265441, at *1 (Tenn. Crim. App. June 7, 2010), *perm. app. denied* (Tenn. Oct. 12, 2010). In this petition, "the same claims regarding the insufficiency of the indictment" were raised as in the first petition. *Id.* The habeas corpus court summarily dismissed this petition on the basis that Defendant's issues had already been "raised" and "determined in a prior suit for habeas corpus." *Id.* at *2.

Perhaps frustrated by his unsuccessful attempts to secure habeas relief in state court, Defendant filed a writ of habeas corpus in federal court. *Winters v. Morrow*, No. 1:11-cv-10, 2012 WL 966179, at *1 (E.D. Tenn. Mar. 21, 2012). In the petition filed pursuant to 28 U.S.C. § 2254, Defendant again argued that the indictment failed to cite the pertinent statute and language, failed to allege the essential elements of especially aggravated robbery and the use of a deadly weapon, and the State and the trial court constructively amended the aggravated robbery charge to especially aggravated robbery. *Id.* The petition was dismissed as time-barred. *Id.*

In January 2015, Defendant sought yet another avenue to challenge his convictions, this time utilizing Tennessee Rule of Criminal Procedure 36.1 as the vehicle. He claimed, instead of challenging the indictment, that the trial court erred in instructing the jury. *See Winters v. State*, No. E2015-00268-CCA-R3-CD, 2015 WL 5692145, at *1 (Tenn. Crim. App. Sept. 29, 2016), *perm. app. denied* (Tenn. Jan. 14, 2016). The trial court summarily dismissed his motion on the basis that he failed to state a colorable claim. This Court agreed on appeal and our supreme court denied review. *Id.*

In November of 2022, Defendant initiated his most recent attempt to challenge his nearly twenty-year old convictions by filing yet another motion under Tennessee Rule of Criminal Procedure 36.1. Defendant utilized arguments presented in previous habeas corpus petitions concerning the indictment. The trial court entered an order denying the motion, noting that Defendant's motion was not filed before the twelve-year sentence for aggravated robbery expired and that Defendant failed to attach a copy of the judgment at issue and failed to state whether it was the first motion for relief pursuant to Rule 36.1.

Defendant appealed.

*Analysis*

On appeal, Defendant argues that the trial court erred by dismissing his motion to correct an illegal sentence. From what we can surmise, he insists that the twelve-year sentence for aggravated robbery is illegal because Count Three of the indictment listed the charged offense as especially aggravated robbery but the body of the indictment described aggravated robbery. The State argues that the trial court properly dismissed the motion because the sentence has expired, the issue has been previously determined, and Defendant's motion does not set forth a colorable claim.

Rule 36.1 provides a defendant and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for

which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* The determination whether a "[Rule 36.1] motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, the trial court found that Defendant was not entitled to relief because his aggravated robbery sentence expired on April 16, 2013, even "without any consideration of his pretrial credit." We agree. Defendant was sentenced on April 16, 2001, to a twelve-year sentence to be served at 30%. Over twenty-one years have elapsed since the sentencing date. In *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), our supreme court addressed the issue of whether Rule 36.1 may be used to correct illegal sentences that have expired. The Court in *Brown* stated:

> Rather than adopt an interpretation of Rule 36.1 that is not supported by the expressed purpose or language of Rule 36.1, that is not consistent with the jurisprudential context from which Rule 36.1 developed, and that has the potential to result in unconstitutional applications of Rule 36.1, we hold that Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired.

*Brown*, 479 S.W.3d at 211.

Moreover, this Court has previously determined on at least two other occasions that Defendant is not entitled to relief on his claims related to Count Three of the indictment, albeit via the lens of habeas corpus rather than Rule 36.1. We are cognizant that "an 'illegal sentence' in Rule 36.1 'mirrors' the definition of an illegal sentence that courts have applied in the habeas corpus context . . . [a] petitioner is not entitled to relief under Rule 36.1 for claims that he previously raised and this [C]ourt rejected as not cognizable in habeas corpus proceedings." *State v. Durell*, No. E2022-01800-CCA-R3-CD, 2023 WL 6060574, at *3 (Tenn. Crim. App. Sept. 18, 2023) (quoting *Brown*, 479 S.W.3d at 209), *no perm. app. filed.*

Finally, to the extent that Defendant is arguing that the indictment is defective, that claim is not cognizable under Rule 36.1. *See State v. Kolb*, No. W2019-01075-CCA-R3-CD, 2020 WL 2563472, at *5 (Tenn. Crim. App. May 20, 2020) (citing *State v. Sargent*, No. W2018-00517-CCA-R3-CD, 2019 WL 1952881, at *1 (Tenn. Crim. App. Apr. 30, 2019), *no perm. app. filed*; *State v. Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017), *no perm. app. filed* (stating that Rule 36.1 is not a proper vehicle for defective indictment challenges)), *no perm. app. filed*.

Despite dressing his claim in new clothing, Defendant is merely attempting to relitigate the same issues. The trial court properly dismissed the motion.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE